**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Dino P. Cerrone, | : | Case No. 1:06CV1453 |
| | : | |
| Petitioner | : | Patricia A. Gaughan |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Maggie Beightler, Warden, | : | |
| | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Respondent | : | |

In this *pro se* action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his January 7, 2003 conviction pursuant to a bench trial of one count of aggravated robbery, upon which he was sentenced to five years incarceration; and one count of theft, upon which he was sentenced to 14 months incarceration, to be served concurrently.[1]

Petitioner's *pro se* motion for new trial filed on January 27, 2003, in which he alleged ineffective assistance of trial counsel, was denied by the trial court on April 17, 2003. Petitioner did not appeal that ruling.

Despite the trial court having appointed, on January 24, 2003, new counsel to represent petitioner on appeal, on February 6, 2003 petitioner filed *pro se* with the Ohio Ninth District Court

---

[1]Prior to his trial, petitioner filed on August 26, 2002 a *pro se* state habeas corpus petition in the Ohio Ninth District Court of Appeals, but that petition was dismissed on September 5, 2002. He filed a second state habeas petition on October 31, 2002, which was dismissed *sua sponte* on January 10, 2003 for failure to state a claim upon which relief may be granted. Petitioner did not appeal either of those rulings.

1

of Appeals a timely notice of appeal.  Thereafter, petitioner filed five motions for extension of time within which to file his brief on appeal, but failed to file or do so  before the last extended due date granted by the court.  As a consequence, his appeal was dismissed on June 30, 2003.

Petitioner's *pro se* motion for reconsideration of that decision was ordered to be stricken from the record on August 22, 2003, as having been untimely filed.  A second motion for reconsideration filed on September 5, 2003 was ordered stricken on January 23, 2004 for the same reason.

Petitioner did not appeal to the state supreme court the dismissals of his attempts to appeal his convictions.

On September 15, 2003, petitioner filed with the trial court a petition to set aside or vacate sentence, in which he alleged the following claims for relief, which parallel those made herein:

> 1. The trial court errored [sic] when Judge Betleski conspired with assistant prosecutor, Vasile Katsaros, to rig a phoney [sic] trial date for the purposes, to deprive the Appellant a speedy trial.
>
> 2. The trial court errored [sic] when Judge Betleski denied the Appellant access to discoverable exhonorating [sic] evidence.

On October 9, 2003 the trial court dismissed the petition as having been untimely filed.

On November 6, 2003, petitioner appealed the dismissal of the petition to set aside or vacate sentence, but the court dismissed the appeal on March 23, 2004, citing petitioner's failure to file his appeal brief.  Petitioner did not appeal the dismissal to the state supreme court.

Instead, more than nineteen months after that ruling, petitioner filed with the state supreme court a *pro se* habeas corpus petition, in which he alleged two claims for relief which paralleled those raised below.  On December 28, 2005, the state court *sua sponte* dismissed the petition.

Petitioner also attempted to disqualify the trial judge from addressing any further matters

relating to his criminal case, by filing an affidavit of disqualification with the state supreme court, but on June 12, 2006 that court issued an opinion in which it refused to disqualify the judge.

On June 1, 2006 petitioner filed the instant petition for writ of habeas corpus, in which he alleges the following claims for relief:

> A. **GROUND ONE:** Loss of Jurisdiction do [sic] to Speedy Trial Delay.
>
> **Supporting FACTS**: The Trial Court lost jurisdiction to hear my case, after they used delay tactics to attempt a plea cohursion [sic] that went beyond the speedy trial time limits.
>
> B. **GROUND TWO:** Denied access to exhonorating [sic] discoverable evidence.
>
> **Supporting FACTS**: The Trial Court violated Constitutional law by refusing to provide any means in witch [sic] to prepair [sic] a fair defence [sic].

Respondent has moved to dismiss the instant petition as having been untimely filed.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date. Lindh v. Murphy, 521 U.S. 320 (1997).

Title 28 U.S.C. § 2244 provides that a petition for habeas corpus by a state prisoner must be filed within one year from the date on which direct review of the judgment was completed or the time to pursue such review expired. Section 2244(d)(2) further provides that: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." In order for a pleading to have been "properly filed" as contemplated by this section, its delivery and acceptance must have been in accordance with the state laws and

ruling governing such filings, including the requirements for timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005); Artuz v. Bennett, 531 U.S. 4, 8 (2000); Walker v. Smith, 360 F.3d 561, 563 (6th Cir. 2004). However, once that time period is expired it cannot be revived by the filing of state collateral review proceedings. Vroman v. Brigano, 346 F.3d 598, 601-602 (6th Cir. 2003), quoting Rashid v. Khulman, 991 F.Supp. 254, 259 (S.D.NY 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

Petitioner's conviction became final on August 14, 2003,[2] 45 days after the state appellate court dismissed the direct appeal of his conviction for failure to file his appeals brief, the date upon which petitioner would have been required to file an appeal of that ruling with the state supreme court. Rule II, § 2(A)(1) of the Rules of Practice of the Ohio Supreme Court. When petitioner did not file such an appeal the one year limitations period within which his federal habeas petition was due to be filed began to run the following day, August 15, 2003. Rule 6, Federal Rules of Civil Procedure.

Although petitioner did file a petition for post conviction relief on September 15, 2003, the trial court denied it as having been untimely filed. On appeal of that decision, petitioner neglected to file a brief, resulting in the appellate court dismissing the appeal. Applying the foregoing rule of law, this post conviction relief petition and appeal were not properly filed and, therefore, would not toll the one year statutory period.

The one-year period expired on August 15, 2004, without any further filings by petitioner. It was eight months after the expiration of that period that petitioner filed with the state supreme court a petition for writ of habeas corpus.

---

[2]Petitioner's two motions for reconsideration do not factor into this calculation, as the appellate court ordered them to be stricken from the record as untimely filed.

4

The instant petition, not filed until June 1, 2006, was clearly filed after the expiration of the limitations period.[3]

Finally, there is nothing in the record to suggest that equitable tolling is warranted in this case to permit review of his time-barred claims for relief in habeas corpus. See Pace v. DiGuglielmo, supra at 418.

That being so, the instant petition was untimely filed and, therefore, it is recommended that it be dismissed.

                                                           s/DAVID S. PERELMAN
                                                           United States Magistrate Judge

DATE:   March 13, 2007

**OBJECTIONS**

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

---

[3]In light of the foregoing, petitioner's "Motion for Summary Judgment or for Ruling" would be moot, and, for housekeeping purposes, should be dismissed.