**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Dino P. Cerrone, | ) | CASE NO. 1:06 CV 1453 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Maggie Beightler, Warden, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Perelman (Doc. 16) which recommends dismissal of the Petition for Writ of Habeas Corpus pending before the Court. For the following reasons, the Report and Recommendation is ACCEPTED.

**Introduction**

Petitioner, Dino Cerrone, commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Magistrate Judge issued his Report and Recommendation recommending that the Petition be dismissed as time-barred because it was filed outside the one-year AEDPA limitations period. Nor did petitioner show he is entitled to

1

equitable tolling. Petitioner has failed to file objections to the Report and Recommendation.[1]

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation." When no objections have been filed this Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *See* Advisory Committee Notes 1983 Addition to Federal Rule of Civil Procedure 72.

**Conclusion**

This Court fully agrees with the reasoning and conclusions of the Magistrate Judge and, having found no clear error, completely adopts his factual and legal conclusions as its own and incorporates them herein by reference. Accordingly, for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is dismissed.

Furthermore, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c) provides:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.

---

[1] This Court is in receipt of petitioner's March 12, 2007 letter, docketed as a Motion for Hearing (Doc. 17) on the same date as the Report and Recommendation was issued. As the letter was dated prior to the Report and Recommendation, it does not constitute objections thereto.

> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

(emphasis added).

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court determined that

> [t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

If the claim is not procedurally defaulted, then a habeas court need only determine whether reasonable jurists would find the district court's decision "debatable or wrong." *Id.* at 484. In instances where a claim is procedurally defaulted, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis supplied).

For the reasons stated in the Report and Recommendation, the Court does not find that petitioner has shown that reasonable jurists could find the Court's dismissal of the Petition on statute of limitations grounds debatable. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
    PATRICIA A. GAUGHAN
    United States District Judge

Dated: 4/2/07