**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Dino P. Cerrone,** | ) | **CASE NO. 1:06 CV 1453** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Maggie Beightler, Warden,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Perelman (Doc. 16) which recommends dismissal of the Petition for Writ of Habeas Corpus pending before the Court. For the following reasons, the Report and Recommendation is MODIFIED to the extent that while the Court agrees that the Petition should be dismissed, it does so for other reasons.

**Introduction**

Petitioner, Dino Cerrone, commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Magistrate Judge issued his Report and Recommendation recommending that the Petition be dismissed as time-barred because it was

1

filed outside the one year AEDPA limitations period. Nor did petitioner show he is entitled to equitable tolling. Petitioner has filed objections to the Report and Recommendation.[1]

### Standard of Review

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation."

### Discussion

The Magistrate Judge determined that the instant Petition is clearly time-barred because the one year period for filing a petition for writ of habeas corpus expired on August 15, 2004 and petitioner did not file his Petition until June 1, 2006.

On February 6, 2003, petitioner filed a timely direct appeal to the Ninth District Court of Appeals of his conviction in the Lorain County Court of Common Pleas. By Journal Entry of June 30, 2003, the appellate court dismissed petitioner's appeal because he failed to file his appellate brief despite five extensions of time to do so. The Magistrate Judge found that petitioner failed to appeal that decision to the Ohio Supreme Court. On this basis, the Magistrate Judge determined that petitioner's conviction became final on August 14, 2003, 45 days after the state appellate court dismissed the direct appeal of his conviction, the date upon which petitioner would have been required to file an appeal of that ruling with the Ohio Supreme Court. When petitioner failed to file such an appeal, the AEDPA one year limitations period for filing a habeas

---

[1] Petitioner did not originally file an objection. Upon motion for reconsideration, this Court permitted the filing of this objection in that petitioner asserted that he never received a copy of the Report and Recommendation.

petition began to run the following day- August 15, 2003.  The one year period expired on August 15, 2004, and the instant Petition was not filed until June 1, 2006.

Petitioner points to evidence, however, that he attempted to appeal the June 30, 2003 dismissal to the Ohio Supreme Court.  The Lorain County Court of Common Pleas docket sheet states:

7/28/03

> Notice of Appeal to the Supreme Court filed by Appellant
> Copy Sent to Akron

(Doc. 9 Ex. 22).  Additionally, included in the exhibits to petitioner's Answer to the respondent's Return of Writ is a copy of a Notice of Appeal to the Ohio Supreme Court of the June 30, 2003 dismissal with a certificate of service date of July 18, 2003.  (Doc. 12 Ex. C) Also included is a copy of the first page of a letter addressed to petitioner by the Ohio Supreme Court, dated July 28, 2003, stating, "The enclosed documents were not accepted for filing because they were not received within the 45-day time period permitted for filing an appeal."  (*Id.* Ex. D)

It appears from this evidence that petitioner did attempt to appeal the June 30, 2003 dismissal to the Ohio Supreme Court which incorrectly returned the papers to petitioner as having been submitted outside the 45 day filing period.  Thus, the Court cannot find that petitioner's one year time period expired on August 15, 2004.

Nonetheless, the Petition is still untimely.  The evidence shows that petitioner filed two motions in the Ninth District Court of Appeals requesting the appellate court to reconsider the dismissal of his appeal.  The appellate court ordered both motions stricken from the record as being untimely filed.  The latest appellate court order occurred on January 23, 2004. Petitioner did not appeal either order to the Ohio Supreme Court.  Thus, petitioner's conviction became

final on March 9, 2004, 45 days after the state appellate court's second order refusing to reconsider the dismissal of the appeal.  On this date petitioner would have been required to file an appeal of the appellate court ruling with the Ohio Supreme Court.  When petition failed to file such an appeal, the AEDPA one year limitations period began to run the following day- March 10, 2004.  Therefore, the time period for filing the instant Petition expired on March 10, 2005.  Because petitioner did not file his Petition until June 1, 2006, it is untimely and is hereby dismissed.

Furthermore, the Court declines to issue a certificate of appealability.  28 U.S.C. § 2253(c) provides:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

(emphasis added).

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court determined that

> [t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

If the claim is not procedurally defaulted, then a habeas court need only determine whether reasonable jurists would find the district court's decision "debatable or wrong." *Id.* at 484.  In instances where a claim is  procedurally defaulted, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis supplied).

For the reasons stated herein, the Court does not find that petitioner has shown that reasonable jurists could find the Court's dismissal of the Petition on statute of limitations grounds debatable.  Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 5/23/07